**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50628 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00435-DMS-1 |
| v. | |
| PEDRO VARGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

Pedro Vargas appeals his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

I.

Vargas first takes issue with the district court's denial of his motion to dismiss the information. He had sought dismissal under 8 U.S.C. § 1326(d) on the basis that the predicate June 2003 expedited removal order was invalid. We review the district court's decision de novo. *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001).

Under our case law, an expedited removal order that later serves as the basis for a § 1326 criminal prosecution may be attacked as invalid only if the removal order was "fundamentally unfair," *i.e.*, "the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011). Defendant argues that his 2003 expedited removal order was fundamentally unfair because the Government was not made to satisfy "its burden to prove alienage."

A review of the relevant regulations, however, supports the conclusion that the burden was not improperly placed on Vargas to prove his claimed status of United States citizenship in his expedited removal proceedings. *See* 8 C.F.R. § 1235.3(b)(5)(i) (in expedited removal proceedings, when an alien whose claim to U.S. citizen status "cannot be verified," the "immigration officer shall issue an expedited order of removal"); 8 C.F.R. § 1240.8(b) (in formal removal proceedings

2

against "[a]rriving aliens" under Section 240 of the Immigration and Nationality Act, "the respondent must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States and is not inadmissible as charged").

The placement of the burden of proof during the June 2003 expedited removal proceedings did not violate Vargas's due process rights, and it consequently was not error for the district court to deny his motion to dismiss the information. *Barajas-Alvarado*, 655 F.3d at 1085.

II.

The trial errors alleged by Vargas also do not warrant reversal of his conviction. The trial court did not abuse its discretion in admitting (1) evidence relating to defendant's prior apprehension in 2009 by immigration authorities at the U.S.-Mexico border, and (2) records from the US-VISIT database showing his encounters with immigration authorities prior to his 21st birthday. The sole contested element at defendant's trial was his alienage, and the trial court was within its scope of discretion to conclude that defendant's attempt to cross illegally the border in 2009 was circumstantial evidence of his knowledge of his own alienage and thus admissible under Federal Rules of Evidence 403 and 404. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). The admission of the US-VISIT records also was not error where defendant's

encounters with immigration authorities prior to his 21st birthday could arguably negate one of the bases through which he could claim to be a United States citizen. The trial court did not abuse its discretion in determining that any possible prejudicial effect of this evidence did not substantially outweigh its probative value. *Id.*

The alleged misstatements by the prosecutor during closing argument also do not amount to prosecutorial misconduct necessitating reversal. Defendant takes issue with a number of the prosecutor's statements, including that "defendant had the opportunity to gain U.S. citizenship but instead he has been coming across illegally repeatedly, so he lies"; "Agent Lupian testified that he has never seen a United States citizen who was ordered deported and removed to Mexico"; and that June 10, 2003 was "[t]he only time that [defendant] claimed he is a U.S. citizen." But the district court repeatedly admonished the jury that "the government doesn't have the monopoly on the facts," "what counsel say is not evidence," and the facts are "an open question for the jury." The trial judge also clarified to the jury that "United States citizens are not supposed to be deported, [but] mistakes can be made," again reminding the jurors in the course of giving that curative instruction that the jury must determine "whether or not the government has proven all of the elements," including the "issue of alienage."

Considered in the context of the entire trial, the allegedly improper statements did not amount to misconduct, and even if they did, they are not "likely to have affected the jury's discharge of its duty to judge the evidence fairly," especially in light of the trial court's instructions and reminders to the jury. *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000); *United States v. Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992).

**AFFIRMED.**